IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
OCT 25 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 2:18cr 163 |
| | ) | |
| v. | ) | Receipt of Gratuities |
| | ) | by a Public Official |
| STEVEN ERIC KREMER, | ) | 18 U.S.C. § 201(c)(1)(B) |
| | ) | (Count One) |
| Defendant. | ) | |
| | ) | Theft of Government Funds |
| | ) | 18 U.S.C. § 641 |
| | ) | (Count Two) |
| | ) | |
| | ) | Criminal Forfeiture |
| | ) | 18 U.S.C. § 981(a)(1)(C) |

CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

INTRODUCTORY ALLEGATIONS

1. At all times relevant to this Criminal Information, STEVEN ERIC KREMER was employed as the Chief of the Range and Mission Management Office (RMMO), Suborbital and Special Orbital Projects Directorate at the National Aeronautics and Space Administration Wallops Flight Facility (WFF). WFF is located on Wallops Island, Virginia, which is within the Eastern District of Virginia. KREMER's position as the Chief of the RMMO was a civilian GS-15 level position. In this capacity, KREMER was a "public official," as defined at Title 18, United States Code, Section 201(a)(1).

2. The RMMO was responsible for administering the Range Operations Contract (ROC) – a cost-plus-award fee multi-year contract intended to provide full scope program management range services, including operations and maintenance and support services at launch and test facilities and launch control centers. The ROC is valued at approximately $191,000,000 and is comprised entirely of federal funds.

1

3. Contracting Firm #1 (Firm #1) is an aerospace engineering services company located in Columbia, Maryland, that delivers space and ground range services and base facility services to the Department of Defense, NASA, and civil customers. Firm #1 holds several contracts for operation and maintenance efforts at the WFF, and was the prime contractor for the ROC.

4. Sub-contracting Firm #2 (Firm #2) is a privately-held small business located in Annapolis, Maryland, that provides commercial furniture and interior design services to local, state, and federal government agencies. Firm #2 performed interior design and office furnishing services and equipment at the WFF through the operation and maintenance contracts held by Firm #1, including under the ROC. SC was employed by Firm #2 and was the primary point of contact between Firm #2 and WFF staff.

## COUNT ONE

The allegations contained in the "Introductory Allegations" section of this Criminal Information are re-alleged and incorporated by reference as if fully set forth herein.

Beginning in or about 2008, and continuing until in or about July 2015, in the Eastern District of Virginia and elsewhere, the defendant, STEVEN ERIC KREMER, being a public official, otherwise than provided by law for the proper discharge of official duty, directly or indirectly demand, seek, receive, accept, or agree to receipt or accept, anything of value personally for or because of any official act performed or to be performed by such official, that is, selecting and using SC and Firm #2 to supply interior design services and office furniture for WFF.

(In violation of Title 18, United States Code, Section 201(c)(1)(B).)

## COUNT TWO

The allegations contained in the "Introductory Allegations" section of this Criminal Information are re-alleged and incorporated by reference as if fully set forth herein.

Beginning in or about 2012, and continuing until at least in or about March 2015, the defendant, STEVEN ERIC KREMER, did knowingly steal and purloin, something of value to the United States, to wit, Range Operation Contract funds, with a value of greater than $1,000.00.

(In violation of Title 18, United States Code, Section 641.)

FORFEITURE ALLEGATION

THE UNITED STATES ATTORNEY FURTHER ALLEGES THAT:

1. The defendant, STEVEN ERIC KREMER, if convicted of any of the violations alleged in this Criminal Information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

3. The property subject to forfeiture includes, but is not limited to, the following property: a monetary judgment in the amount of $19,469.00.

(All pursuant to Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c).)

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: *V. Kathleen Dougherty*
V. Kathleen Dougherty
Virginia State Bar No. 77294
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office – 757-441-6331; Fax – 757-441-6689
E-Mail – v.kathleen.dougherty@usdoj.gov